```
_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED
          MAR 06 2020
              AT SEATTLE
         CLERK U.S. DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
       BY                      DEPUTY
```

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEJON ROMANS BROWN,<br><br>Defendant. | NO. CR20-030-RSL<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and J. Tate London, Assistant United States Attorney for said District, Defendant Dejon Romans Brown and Defendant's attorney, Gregory Geist, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A).

1. **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge: Use of a Counterfeit Access Device with Intent to Defraud (more than $1,000), in violation of Title 18, United States Code, Section 1029(a)(2) and (c)(1)(A)(i), as charged in Count One of the Indictment filed in the Middle District of Florida at

Plea Agreement - 1
U.S. v. Dejon Romans Brown, CR20-030-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

criminal number 5:19-cr-77-Oc-28PRL and transferred, pursuant to Rule 20, to the Western District of Washington on March 2, 2020.

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense**. The elements of the offense to which Defendant is pleading guilty, that is the offense of Use of a Counterfeit Access Device with Intent to Defraud (more than $1,000), as charged in Count One of the Indictment, are as follows:

*First*, the defendant knowingly used or trafficked in one or more unauthorized access devices;

*Second*, the defendant, during a 12-month period, obtained a thing or things of value totaling $1,000 or more as a result of such use or trafficking of unauthorized access devices;

*Third*, the defendant acted with the intent to defraud or deceive; and

*Fourth*, the defendant's conduct affected interstate or foreign commerce.

3. **The Penalties**. The Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty, that is, Use of a Counterfeit Access Device with Intent to Defraud (more than $1,000), as charged in Count One of the Indictment, are as follows: A maximum term of imprisonment of up to 10 years, a fine of up to $250,000 or twice the gross gain caused by the offense, or twice the gross loss caused by the offense, whichever is greater, a period of supervision following release from prison of up to 3 years, and a mandatory special assessment of $100. If a probationary sentence is imposed, the probation period can be for up to five (5) years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and

Plea Agreement - 2
U.S. v. Dejon Romans Brown, CR20-030-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4.   **Immigration Consequences**. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea may entail, even if the consequence is Defendant's mandatory removal from the United States.

5.   **Rights Waived by Pleading Guilty**. Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a.   The right to plead not guilty and to persist in a plea of not guilty;

Plea Agreement - 3
U.S. v. Dejon Romans Brown, CR20-030-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      b.      The right to a speedy and public trial before a jury of Defendant's peers;

      c.      The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

      d.      The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

      e.      The right to confront and cross-examine witnesses against Defendant at trial;

      f.      The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

      g.      The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

      h.      The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

Plea Agreement - 4
U.S. v. Dejon Romans Brown, CR20-030-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

        a.      The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

        b.      After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

        c.      The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

        d.      Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Rule 20 Transfer.** Defendant requested, and the United States Attorneys for the Middle District of Florida and the Western District of Washington agreed to, the transfer of Defendant's case to the Western District of Washington pursuant to Rule 20 of the Federal Rules of Criminal Procedure solely for the purpose of entering a plea of guilty and the imposition of sentence. The Government's approval of the transfer of the case is conditioned upon Defendant entering a guilty plea pursuant to this Plea Agreement in the Western District of Washington. Should Defendant not enter a guilty plea pursuant to this Agreement, or otherwise breach this Agreement, Defendant consents to the return of the prosecution to the Middle District of Florida and agrees that he will not oppose any such requests by the United States.

9. **Ineligibility for DREAM Court.** The Government's consent to, and approval of, the transfer of the case is further conditioned upon Defendant not seeking acceptance into this Court's Drug Reentry Alternative Model (DREAM) program.

10. **Statement of Facts.** The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offense:

Plea Agreement - 5
*U.S. v. Dejon Romans Brown*, CR20-030-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

  a. On December 21, 2018, the computer system at the Sumter County School District (located in Bushnell, Florida, in the Middle District of Florida) was attacked by a malicious software. The cyber-attack compromised the computers and allowed for the perpetrator to acquire the log-in and password for a bank account held for the school district at Regions Bank. Thereafter, five unauthorized access devices were issued by Regions Bank for individuals purporting to be authorized users of the account. In fact, none of the names were known to the Sumter County School District and none of them were authorized to make charges to their account.

  b. One of those five unauthorized cards was issued in the name "Dustin Fugate" and was sent to an address used by the defendant in Lancaster, California. The defendant received the unauthorized credit card ending in 4008 and listed in the name of "Dustin Fugate" at the aforementioned address.

  c. Thereafter, on January 2, 2019, through January 6, 2019, the defendant used the fraudulently obtained credit card to make purchases totaling $58,596.54. The following transactions were some of the many transactions completed by the defendant using the credit card ending in 4008:

    i. January 2, 2019, Wal-Mart #2951, Lancaster, California 93535; Amount $491.66;

    ii. January 2, 2019, Apple Store, 9301 Tampa Ave, Northridge, California 91324; Amounts $11,106.62, $3,173.32, $3,173.32, $3,173.32, $3,173.32 and $3,173.32;

    iii. January 2, 2019, Apple Store, 6600 Topanga Canyon Blvd., Canoga Park, California 91303; Amount $13,676.60;

    iv. January 2, 2019, Apple Store, 24201 West Valencia Blvd, Valencia, California 91355; Amounts $1,586.66, $6,346.64, $3,173.32, $3,173.32 and $3,173.32.

  d. Defendant was captured on surveillance video at each of the above listed stores while using the card ending in 4008.

Plea Agreement - 6
*U.S. v. Dejon Romans Brown*, CR20-030-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

       e.      For each of these transactions, Defendant represented himself to the store clerks to be "Dustin Fugate" when in fact he knew then and there that he was not "Dustin Fugate" and that he was not authorized to make purchases using the Regions Bank credit card.

       f.      The bank account for the Sumter County School District is held in Bushnell, Florida. The headquarters of Regions Bank is located in Birmingham, Alabama. The credit card ending in 4008 was issued in Texas and sent to Defendant in Lancaster, California, via the United States Postal Service. All of the above-listed transactions were completed electronically using the credit card ending in 4008. Each time Defendant used the credit card, a signal was routed electronically over the internet through computer servers for approval by the overseeing financial entity, Regions Bank. Once approved, a similar process occurred, in reverse order, which provided electronic authorization for the purchase at the point of sale. As a result, the consequences of Defendant's actions affected interstate or foreign commerce.

       g.      The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

    11.    **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

       a.      The base offense level for the offense of conviction is level 6, pursuant to Guideline § 2B1.1(a)(2);

       b.      The offense involved more than $40,000, but less than $95,000, and therefore a 6-level increase applies, pursuant to Guideline § 2B1.1(b)(1)(D); and

       c.      The offense involved the production or trafficking of an unauthorized access device, and therefore a 2-level increase applies, pursuant to Guideline § 2B1.1(b)(11)(B)(i).

Plea Agreement - 7
U.S. v. Dejon Romans Brown, CR20-030-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The resulting total offense level is 16.

The government submits that the offense involved a misrepresentation that Defendant was acting on behalf of an educational organization, and therefore a 2-level increase applies, pursuant to Guideline § 2B1.1(b)(9).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

12. **Acceptance of Responsibility**. At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

13. **Restitution**. Defendant shall make restitution to Sumter County School Board, 2680 West County Road 476, Bushnell, Florida, 33513, in the amount of $58,596.54 with credit for any amounts already paid.

  a. The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing

Plea Agreement - 8
U.S. v. Dejon Romans Brown, CR20-030-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

assets that come to light only after the district court finds that the defendant is unable to make immediate restitution.

        b.      Defendant agrees to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and his spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

        c.      The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

Plea Agreement - 9
U.S. v. *Dejon Romans Brown*, CR20-030-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

14.    **Forfeiture**. Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately his right, title, and interest in any and all property that constitutes proceeds he obtained a result of his commission of Use of a Counterfeit Access Device with Intent to Defraud, as well as any property that facilitated that offense. All such property is forfeitable pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), and includes but is not limited to:

a.    a sum of money in the amount of $58,596.54, representing the proceeds Defendant obtained from the offense. Defendant understand and acknowledges this forfeited sum of money is separate and distinct from the restitution that is ordered in this case. The United States agrees, however, that it will request the Attorney General apply any amounts it collects toward satisfaction of this forfeited sum to the restitution that is ordered. The United States also agrees that any amount the Defendant pays toward restitution will be credited against this forfeited sum.

Defendant agrees to fully assist the United States in the forfeiture of any forfeitable property, and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any forfeitable property in any federal forfeiture proceeding, administrative or judicial, that may be initiated. Defendant also agrees he will not assist any party who may file a claim in any related federal judicial forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if that property constitutes or is traceable to proceeds of his

Plea Agreement - 10
*U.S. v. Dejon Romans Brown*, CR20-030-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

commission of Use of a Counterfeit Access Device with Intent to Defraud, or facilitated that offense.

15. **Abandonment of Contraband**. Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in his direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

16. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington and for the Middle District of Florida agree not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation.

In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

17. **Breach, Waiver, and Post-Plea Conduct**. Defendant agrees that, if he breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if he is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, he should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction

Plea Agreement - 11
U.S. v. Dejon Romans Brown, CR20-030-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range.  Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

18. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction and any pretrial rulings of the Court.  Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

Defendant acknowledges having received sufficient consideration in exchange for waiving the rights defined in this paragraph; specifically, Defendant acknowledges that the Government's agreement to transfer the case from the Middle District of Florida to

Plea Agreement - 12
U.S. v. Dejon Romans Brown, CR20-030-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the Western District of Washington, at the Defendant's request pursuant to Rule 20, provides sufficient consideration for such waiver.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

19. **Voluntariness of Plea**. Defendant agrees that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

20. **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//
//
//

Plea Agreement - 13
U.S. v. Dejon Romans Brown, CR20-030-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

21. **Completeness of Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Agreement binds only the United States Attorney's Office for the Western District of Washington and the Middle District of Florida. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 6th day of March, 2020.

_____
DEJON ROMANS BROWN
Defendant

_____
GREGORY GEIST
Attorney for Defendant

for _____
SARAH VOGEL
Assistant United States Attorney

_____
J. TATE LONDON
Assistant United States Attorney

Plea Agreement - 14
U.S. v. Dejon Romans Brown, CR20-030-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970